IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEAR OF GOD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 24-cv-12434 |

# COMPLAINT

Plaintiff Fear of God, LLC ("Plaintiff" or "Fear of God") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States

---

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Fear of God to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products, including apparel and accessories, using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "Counterfeit Fear of God Products"). Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Counterfeit Fear of God Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them in that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered Fear of God Trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Fear of God Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4. Fear of God, LLC is a corporation organized and existing under the laws of the State of California, having its principal place of business at 3940 Laurel Canyon Blvd., No. 427, Studio City, California 91604.

5. Fear of God is an apparel company that was started by Jerry Lorenzo in 2013, specializing in the sale of high-end streetwear and accessories displaying the FEAR OF GOD trademark. The Fear of God brand quickly developed a following among celebrities including Kanye West, Rihanna, Kendall Jenner, and Travis Scott. The Fear of God brand is famous in the United States and around the world for high-quality products that seamlessly blend innovation with style.

6. Fear of God introduced its Fear of God Essentials line of more casual and accessible apparel and footwear items in 2017. Like the original Fear of God main line, the Fear of God Essentials line has been wildly popular and is sold throughout the world.

7. Fear of God's clothing and accessories (the "Fear of God Products") are inspired by a luxe sensibility that appeal not only to its traditional customer base, but also to the consuming public at large. Jerry Lorenzo and the Fear of God brand have a distinguished history within streetwear and fashion that has been widely reported throughout the world. For example, *GQ* chronicled the story of Jerry Lorenzo and Fear of God in an article entitled, "How Fear of God is Reinventing Luxury American Fashion," and noted that "Jerry Lorenzo's label made him a king of streetwear, but his new collection is something different. Suddenly, his goal of being the next Ralph Lauren is in sight." Attached hereto as **Exhibit 1** is a true and correct copy of the *GQ* article.

Similar articles about Jerry Lorenzo and Fear of God have been published by Harper's Bazaar, Vogue, Esquire, and The New York Times.

8. Fear of God carefully plans and curates its design collections each season to provide its customers with unique apparel and products.

9. Fear of God has partnered with many prominent global brands in highly publicized collaborations, including those with Adidas, Zegna, Nike, Converse, New Era, and Vans.

10. Fear of God Products are distributed and sold to consumers throughout the United States, including in Illinois, through authorized retailers and the fearofgod.com website.

11. Plaintiff incorporates a variety of distinctive marks in the design of its various Fear of God Products. As a result of its long-standing use, Plaintiff owns common law trademark rights in its trademarks. Plaintiff has also registered its trademarks with the United States Patent and Trademark Office. Fear of God Products typically include at least one of Plaintiff's registered trademarks. Plaintiff uses its trademarks in connection with the marketing of its Fear of God Products, including the following marks which are collectively referred to as the "FEAR OF GOD Trademarks."

| Registration No. | Trademark |
|---|---|
| 5,696,924 | FEAR OF GOD |
| 6,380,624<br>6,380,625 | FEAR OF GOD ESSENTIALS |
| 6,810,494 | ESSENTIALS<br>FEAR OF GOD |

12. The above U.S. registrations for the FEAR OF GOD Trademarks are valid, subsisting, and in full force and effect. The FEAR OF GOD Trademarks have been used exclusively and continuously by Plaintiff, some for many years, and have never been abandoned. The registrations for the FEAR OF GOD Trademarks constitute *prima facie* evidence of their

validity and of Plaintiff's exclusive right to use the FEAR OF GOD Trademarks pursuant to 15 U.S.C. § 1057(b). Attached hereto as **Exhibit 2** are true and correct copies of the United States Registration Certificates for the FEAR OF GOD Trademarks included in the above table.

13. The FEAR OF GOD Trademarks are exclusive to Plaintiff and are displayed extensively on Fear of God Products and in Plaintiff's marketing and promotional materials. The Fear of God brand is among the most popular streetwear lines in the world and has been extensively promoted and advertised at great expense. In fact, Plaintiff has expended substantial time, money, and other resources in advertising, promoting, and marketing featuring the FEAR OF GOD Trademarks. Fear of God Products have also been the subject of extensive unsolicited publicity resulting from their stylish, high-quality, and innovative designs. Because of these and other factors, the Fear of God name and the FEAR OF GOD Trademarks have become famous throughout the United States and around the world.

14. The FEAR OF GOD Trademarks are distinctive when applied to the Fear of God Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's quality standards. The FEAR OF GOD Trademarks have achieved tremendous fame and recognition which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the FEAR OF GOD Trademarks is of incalculable and inestimable value to Plaintiff.

15. Plaintiff operates an e-commerce website where it promotes and sells genuine Fear of God Products at fearofgod.com. Sales of Fear of God Products via the fearofgod.com website represent a significant portion of Plaintiff's business. The fearofgod.com website features proprietary content, images, and designs exclusive to Fear of God.

16. Plaintiff's innovative marketing and product designs have enabled Fear of God to achieve widespread recognition and have made the FEAR OF GOD Trademarks famous marks. The widespread fame, outstanding reputation, and significant goodwill associated with the Fear of God brand have made the FEAR OF GOD Trademarks valuable assets of Plaintiff.

17. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the FEAR OF GOD Trademarks. As a result, products bearing the FEAR OF GOD Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. Plaintiff is a multi-million-dollar operation and Fear of God Products have become among the most popular of their kind in the world.

**The Defendants**

18. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

19. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their

counterfeit network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

20. The success of the Fear of God brand has resulted in significant counterfeiting of the FEAR OF GOD Trademarks. Consequently, Plaintiff has a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. In recent years, Fear of God has identified many fully interactive, e-commerce stores offering counterfeit Fear of God Products on online marketplace platforms such as Amazon, eBay, AliExpress, Alibaba, Wish.com, Walmart, Etsy, DHgate, TikTok, and Temu, including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States. According to a U.S. Customs and Border Protection ("CBP") report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights ("IPR") violations totaling over $3.3 billion, an increase of $2.0 billion from 2020.[2] Of the 27,000 in total IPR seizures, over 24,000 came through international mail and express courier services (as opposed to containers), most of which originated from China and Hong Kong.[3]

21. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[4] Counterfeiters hedge against the risk of being caught and having their websites taken

---

[2] *See Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customs and Border Protection.
[3] *Id.*
[4] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary.

down from an e-commerce platform by preemptively establishing multiple virtual storefronts.[5] Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated.[6] Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters."[7]

22. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Counterfeit Fear of God Products to residents of Illinois.

23. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases look sophisticated and accept payment in U.S. dollars and/or funds from U.S. bank accounts via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use any of the FEAR OF GOD Trademarks and none of the Defendants are authorized retailers of genuine Fear of God Products.

---

[5] *Id.* at p. 22.
[6] *Id.* at p. 39.
[7] Chow, *supra* note 3, at p. 186-87.

24. Many Defendants also deceive unknowing consumers by using the FEAR OF GOD Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Fear of God Products. Other e-commerce stores operating under the Seller Aliases omit using FEAR OF GOD Trademarks in the item title to evade enforcement efforts, while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Fear of God Products.

25. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

26. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Fear of God Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

27. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or

the use of the same text and images. Additionally, Counterfeit Fear of God Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Fear of God Products were manufactured by and come from a common source and that Defendants are interrelated.

28. E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

29. Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial account transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based financial accounts to offshore accounts outside the jurisdiction of this Court.

30. Defendants are working to knowingly and willfully import, distribute, offer for sale, and sell Counterfeit Fear of God Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the FEAR OF GOD Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Fear of God Products into the United States and Illinois over the Internet.

31. Defendants' unauthorized use of the FEAR OF GOD Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Fear of God Products, including the sale of Counterfeit Fear of God Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

32. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

33. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered FEAR OF GOD Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The FEAR OF GOD Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Fear of God Products offered, sold, or marketed under the FEAR OF GOD Trademarks.

34. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the FEAR OF GOD Trademarks without Plaintiff's permission.

35. Plaintiff is the exclusive owner of the FEAR OF GOD Trademarks. Plaintiff's United States Registrations for the FEAR OF GOD Trademarks (**Exhibit 2**) are in full force and effect. On information and belief, Defendants have knowledge of Plaintiff's rights in the FEAR OF GOD Trademarks and are willfully infringing and intentionally using counterfeits of the FEAR OF GOD Trademarks. Defendants' willful, intentional, and unauthorized use of the FEAR OF

GOD Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Fear of God Products among the general public.

36. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known FEAR OF GOD Trademarks.

38. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Fear of God Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

39. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

40. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Fear of God Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit Fear of God Products by Plaintiff. By using the FEAR OF GOD Trademarks in connection with the sale of Counterfeit Fear of God Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Fear of God Products.

41. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Fear of God Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

42. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its Fear of God brand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the FEAR OF GOD Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Fear of God product or is not authorized by Plaintiff to be sold in connection with the FEAR OF GOD Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Fear of God product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the FEAR OF GOD Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Fear of God Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the FEAR OF GOD Trademarks and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the FEAR OF GOD Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, Etsy, DHgate, TikTok, and Temu (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the FEAR OF GOD Trademarks;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the FEAR OF GOD Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the FEAR OF GOD Trademarks;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

Dated this 4th day of December 2024.                    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Trevor C. Talhami
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 W. Madison St. Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ttalhami@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Fear of God, LLC*
